**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Lane, | No. CV-22-00394-TUC-BGM |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, et al., | |
| Defendants. | |

Before the Court is Defendant's Motion for Reconsideration.  (Doc. 73.)  The motion has been fully briefed.  (Docs. 77, 78.)  For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

On January 2, 2025, the Court issued an Order granting in part and denying in part Defendant's summary judgment motion.  (Doc. 72.)  Plaintiff Justin Lane had brought three constitutional claims against four Defendants alleging that he was unlawfully demoted because of his protected speech and that his unlawful demotion violated his Fourteenth Amendment procedural due process liberty and property interests.  (*See* Doc. 1-3 at 30-35.)  The Court concluded that Plaintiff's First Amendment retaliation claim against all Defendants and his Fourteenth Amendment property interest claim against the city of Tucson survived summary judgment.  (Doc. 72 at 29-30.)  The Court offered an extensive analysis supporting its determination that Plaintiff testified in front the civil service commission in his capacity as a private citizen.  (Doc. 72 at 14-16.)  It ruled, in part:

1

2

3       There is sufficient evidence in the record that demonstrates that Lane was not

4   testifying pursuant to his official duties when he appeared before the civil
    service commission on behalf of a terminated police officer. Lane's day-to-
5   day captain duties included reviewing internal investigations into alleged
    incidents of officer misconduct and leading a division within the police force,
6   but there is no evidence to suggest that they also included testifying on behalf
    of a terminated officer at his appeal hearing. The fact that the testimony was
7   provided to an entity outside of Lane's chain of command and was given
    against the explicit admonition of Chief Magnus also indicates that the
8   testimony was given in a private rather than public capacity.

9           . . . .

10      In reversing the district court's summary judgment ruling in the
    president's favor, the Court observed that "[t]ruthful testimony under oath
11  by a public employee outside the scope of his ordinary job duties is speech
    as a citizen for First Amendment purposes even when the testimony relates
12  to his public employment or concerns information learned during that
    employment." *Id.* at 238. The Court explained that sworn testimony in a
13  judicial proceeding is a "quintessential example of speech as a citizen"
    because "[a]nyone who testifies in court bears an obligation, to the court and
14  society at large, to tell the truth." *Id*. The Court ruled that any separate
    obligation as an employee, such as showing up to court dressed in a
15  professional manner, is separate from the obligation to speak the truth and
    that such obligation renders sworn testimony speech as a private citizen. *Id*.
16  at 239.

17      In the context of *Lane* and under the guiding principles promulgated
18  by *Dahlia v. Rodriguez*, 735 F.3d 1060, 1072-73 (9th Cir. 2013), this Court
    concludes that Lane's civil service commission testimony was provided in
19  his capacity as a private citizen and is protected. It is an undisputed fact that
    the civil service commission hearing at which Lane testified concerned a
20  termination appeal by the officer that Lane described in his memo and report
    as comporting with the department's use-of-force policy. (Docs. 61, DSOF
21  63; 66 at 3.) It is also an undisputed fact that *the officer* requested that Lane
    be subpoenaed to testify at the hearing, which then prompted the City to issue
22  its memorandum to Lane. (Docs. 66, PSOF ¶¶ 28-30, 50; 68 at 2.) It is
23  irrelevant to the Court's analysis whether Lane's testimony "relate[d] to his
    public employment or concern[ed] information learned during that
24  employment." 573 U.S. at 238. Rather, the critical question is whether Lane's
    testimony "is itself ordinarily within the scope of [the] employee's duties,
25  not whether it merely concerns those duties." *Id*. at 240.

26

27

28

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12

The fact that Lane affirmed defense counsel's leading deposition question that he appeared before the civil service commission in his "capacity as a TPD lieutenant for the police department" fails to adequately support Defendants' proposition that Lane testified in his official capacity as a matter of law. *See Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1125 (E.D. Cal. 2015) (ruling that statements based on improper legal conclusions are not *facts* and can only be considered as arguments on a motion for summary judgment). Additionally, while Defendants proffer a TPD general order concerning court attendance and interviews, the order fails to demonstrate that department employees must *testify* at civil service commission hearings or show that commission attendance and testimony are part of a captain's official duties. (*See* Doc. 61-2 at 81 ("*Attendance* at such a hearing is mandatory for any employee who is duly notified.") (emphasis added)); *Garcetti*, 547 U.S. at 425 ("[T]he listing of a given task in an employee's written job description is … no[t] sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes").

13
14
15
16
17
18
19
20

Finally, the transcript of Lane's civil service commission testimony spans over ninety pages and includes references to Lane's position that the terminated officer's use of force was justified and within department policy, his responses to hypothetical use-of-force scenarios, and Lane's controversial opinion that the officers in the incident were not afforded the necessary guidance, leadership, and tools to be expected to accomplish their mission. (*See* Doc. 61-3 at 13-48, 50-57, 71-72, 78-94.) This testimony goes well beyond Lane's "opinion that the officer did not violate the policy" and "should not be disciplined." (Doc. 60 at 7.) As such, Lane's civil service commission testimony was provided as a private citizen, and Defendants' summary judgment motion on the issue is denied.

21

(*Id*.)

22
23
24
25
26
27

On January 16, 2025, Defendants filed their motion for reconsideration asserting the Court committed "manifest error" in its speech as a private citizen determination because the Court "overlooked" or "misapprehended" facts directly related to the scope and content of a plaintiff's job responsibilities. (Doc. 73 at 3.) With the Court's permission, Plaintiff filed his response on February 12, 2025, (Doc. 77); and on February 19, 2025, Defendants filed their reply, (Doc. 78). This Order follows.

28

- 3 -

**LEGAL STANDARD**

The District of Arizona's Local Rules of Civil Procedure provide an avenue for reconsideration motions. LRCiv 7.2(g). The Local Rule states:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1).

Additionally, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor is reconsideration to be used to ask the court to rethink what it already thought through. *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "Ultimately, a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (internal quotation marks and citation omitted). "Arguments that the court was in error on the issues it considered should generally be directed to the Court of Appeals." *Rezzonico*, 32 F. Supp. 2d at 1116.

**DISCUSSION**

Defendants assert the Court committed manifest error by determining that Lane's civil service testimony was provided in his capacity as a private citizen rather than pursuant

- 4 -

to his official job duties.  (Doc. 73 at 2.)  To support their assertion, Defendants argue (i) there is undisputed evidence that proves TPD officers know that they may be called to testify on behalf of an appealing employee; (ii) the content of the city of Tucson's memorandum supports a determination that Plaintiff's testimony was within the scope of his ordinary duties; and (iii) TPD General Order 3818 dictates that Plaintiff was testifying in his official capacity.  (*Id*. at 3-8.)  These arguments require the Court to rethink what it already thought through or to consider arguments for the first time when they could reasonably have been raised earlier in the litigation.  Accordingly, Defendants fail to demonstrate "manifest error," and their motion for reconsideration is denied.

## I.    Defendants Fail to Demonstrate Manifest Error

"Manifest error is, effectively, clear error."  *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (citing *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011)); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted … unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.").  "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."  *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks and citation omitted).  "A manifest injustice is defined as an error in the trial court that is direct, obvious, and observable."  *de Borja v. Razon*, 340 F.R.D. 400, 409 (D. Or. 2021).

Here, the record fails to reflect that the Court committed clear error in its speech as a private citizen determination.  Defendants' curt and conclusory summary judgment argument that Plaintiff failed to establish that he testified as a private citizen was three sentences long.  (*See* Doc. 60 at 8:12-17.)  Defendants argued:

> In this case, Lane's speech only existed because TPD commissioned it pursuant to its policies and procedures that require that a TPD supervisor review OPS investigations and recommend discipline when appropriate. (See DSOF 9-11, 14, 18, 23-28, 30-43). Lane has admitted that his written

materials and his testimony before the City Civil Service Commission were done in his official capacity, and not as a private citizen. This is not a disputed fact. (DSOF 52-65, 67).

As previously mentioned, the Court gave this argument careful consideration, which included elucidating the proper legal standards by which protected speech is analyzed. (*See* Doc. 72 at 10-12, 14-16.)  The Court was unconvinced by Defendants' conclusory and contradicted assertions and gave its reasoning in a clear and concise manner.  (*See id.* at 15-16.)  The arguments at hand are an attempt by Defendants to relitigate an issue that has been thoroughly addressed.[1]  As such, Defendants motion for reconsideration is denied.

Dated this 4th day of March, 2025.

Honorable Bruce G. Macdonald
United States Magistrate Judge

---

[1] To the extent that Defendants also request that the Court reconsider its First Amendment qualified immunity ruling, their request is denied for identical reasons. Defendants fail to argue, much less establish, that the Court committed clear error in its qualified immunity analysis.  (Doc. 73 at 6-7.)  Rather, Defendants base their arguments on ones previously considered, (*see* Doc. 60 at 15:13-19), and a new argument that goes to the merits of the qualified immunity analysis that they failed to raise, but could have, in their summary judgment motion, (*see id.* at 14-15.)  As such, this request is also denied.